**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

DAVID W. FOLEY, JR.; and JENNIFER
T. FOLEY,

                Plaintiffs,

vs.                                        Case No. 6:12-cv-269-Orl-37KRS

ORANGE COUNTY, FLORIDA; PHIL
SMITH; CAROL HOSSFIELD; MITCH
GORDON; ROCCO RELVINI; TARA
GOULD; TIM BOLDIG; FRANK
DETOMA; ASIMA AZAM; RODERICK
LOVE; SCOTT RICHMAN; JOE
ROBERTS; MARCUS ROBINSON;
RICHARD CROTTY; TERESA
JACOBS; FRED BRUMMER; MILDRED
FERNANDEZ; LINDA STEWART; BILL
SEGAL; and TIFFANY RUSSELL,

                Defendants.

_____

**ORDER**

This cause is before the Court on the following:

1.      Defendants' Dispositive Motion to Dismiss the Amended Complaint with Prejudice or, Alternatively, Motion for Summary Judgment (Doc. 93), filed June 15, 2012;

2.      Plaintiffs' Response to Defendants' Motion to Dismiss, or Motion for Summary Judgment and Plaintiffs' Cross-Motion for Partial Summary Judgment on Causes I, II, and III (Doc. 100), filed July 20, 2012;

3.      Plaintiffs' Request for Judicial Notice (Doc. 101), filed July 31, 2012;

4.      Defendants' Response in Opposition to Plaintiffs' Request for Judicial Notice (Doc. 102), filed August 14, 2012;

5.     Defendants' Response in Opposition to Plaintiffs' Cross-Motion for Partial Summary Judgment as to Counts I, II, and III (Doc. 106), filed August 17, 2012;

6.     Plaintiffs' Reply to Defendants' Response in Opposition to Plaintiffs' Cross-Motion for Partial Summary Judgment as to Counts I, II, and III (Doc. 113), filed August 31, 2012;

7.     Declaration of David W. Foley, Jr. (Doc. 114), filed August 31, 2012;

8.     Plaintiffs' Motion to Strike Portions of Affidavit of the Orange County Zoning Manager (Doc. 115), filed August 31, 2012);

9.     Plaintiffs' Request for Judicial Notice (Doc. 116), filed August 31, 2012; and

10.    Defendants' Response in Opposition to Plaintiffs' Motion to Strike Portions of Affidavit of the Orange County Zoning Manager (Doc. 120), filed September 14, 2012.

The Court held a hearing on November 8, 2012, at which the parties presented argument on the issues raised in these motions. (Doc. 147.)

## BACKGROUND[1]

Plaintiffs David W. Foley, Jr. and Jennifer T. Foley live in Orange County, Florida, and raise toucans. (Doc. 85, ¶ 19.) They are licensed by the State of Florida to possess, exhibit, and sell toucans from their residence and a second property in Christmas, Florida, which is located in unincorporated Orange County (the "Christmas Property"). (Id. ¶ 42.) The conflict giving rise to this lawsuit began as a code enforcement matter.

---

[1] The facts presented in this Order are derived from the allegations of the Amended Complaint. These facts are included only to provide context and should not be construed as findings of fact.

The Foleys then initiated proceedings before the county zoning board and later before the Orange County Board of Commissioners.

In February 2007, Defendant Orange County received a complaint that the Foleys were selling birds from their residence. (*Id.* ¶¶ 85, 95, 196.) Defendant Phil Smith, an inspector employed by the county's code enforcement division, investigated the complaint and cited the Foleys for building aviaries in the backyard of their residence without a proper permit. (*Id.* ¶¶ 23, 92.) The Foleys received written notice of the violation. (*Id.* ¶ 103.) About three weeks after his initial investigation, Smith inspected the residence a second time, found the aviaries still standing, and initiated code enforcement proceedings. (*Id.* ¶¶ 104-06.) The county's code enforcement board held a hearing regarding the permit violation on April 18, 2007. (*Id.* ¶ 114.) The board found that the Foleys did not comply with the permit requirement when they built the aviaries and ordered the Foleys to obtain a building permit or to remove the aviaries. (*Id.*)

The Foleys then began the process of obtaining a building permit for the aviaries built at their residence. (*Id.* ¶ 108.) The Foleys created a property site plan that they understood to comply with the set-back requirements applicable to their residence. (*Id.*) However, Defendant Carol Hossfield, a county employee charged with approving building permits, refused to issue a building permit to the Foleys because aviaries were not permitted under the applicable zoning regulation. (*Id.* ¶¶ 108-09.)

On April 23, 2007, the Foleys asked the county's zoning manager, Defendant Mitch Gordon, for the county's official interpretation of its zoning regulations as they relate to the building of aviaries and the selling of wildlife as a "home occupation." (*Id.* ¶ 123.) The Foleys also asked Defendant Mildred Fernandez, who at the time was a

county commissioner, for assistance with resolving their dispute with the zoning division. (*Id.* ¶ 122.) Commissioner Fernandez asked the county attorney to draft a memorandum concerning the issue, to which an assistant county attorney, Defendant Tara Gould, responded. (*Id.* ¶¶ 122, 126.)

Zoning Manager Gordon responded to the Foleys' request on July 2, 2007. (*Id.* ¶ 130.) He informed the Foleys that the zoning regulations applicable to their residence prohibited commercial aviculture. (*Id.*) Chapter 38 of the Orange County Code ("OCC" or "the Code") establishes a comprehensive zoning scheme that divides the county into districts and sets forth the restrictions that apply to each district. The Foleys' residence is located in a residential district zoned R-1A. (*See, e.g.*, Doc. 85 ¶ 101.) For properties in residential R-1A districts, the Code permits single-family homes, accessory buildings, home occupations, model homes, and family daycare homes. OCC § 38-77. Commercial aviaries are prohibited from operating in residential R-1A districts.[2] *Id.* The Code defines commercial aviaries as "the raising, breeding and/or selling of exotic birds, excluding poultry, for commercial purposes." *Id.* § 38-1. Poultry is defined by the Code to mean "domestic fowl such as chickens, roosters, turkeys, ducks, geese, pigeons, hens, quails, pheasants and squabs." *See, e.g.*, *Id.* § 38-79(40).

The Foleys appealed Gordon's determination that the zoning ordinances prohibited them from operating a commercial aviary at their residence to the county's Board of Zoning Adjustment. (*Id.* ¶ 131.) The zoning board heard the Foleys' appeal on November 1, 2007. (*Id.* ¶ 140.) The board voted unanimously to uphold the zoning manager's determination. (*Id.*)

---

[2] Commercial aviaries may operate in an agricultural district so long as the landowner applies for and is granted a special exception to the zoning ordinance. OCC §§ 38-77, 38-78, 38-79(48).

The Foleys then appealed the zoning board's decision to the Board of County Commissioners. (*Id.* ¶ 145.) The Board of County Commissioners held a public hearing on the Foleys' appeal on February 19, 2008. (*Id.* ¶ 158.) The commissioners voted to uphold the decisions of the zoning board and the zoning manager. (*Id.* ¶ 165.)

In this lawsuit, the Foleys bring claims against the county, several county employees, members of the board of zoning adjustment, and members of the county commission (referred to in this Order collectively as the "Individual Defendants").[3] The Foleys filed this lawsuit on February 21, 2012. (Doc. 1.) The Amended Complaint organizes the Foleys' claims into twenty-six separate counts,[4] all of which Defendants

---

[3] The Individual Defendants are members of the Orange County Board of Commissioners (Fred Brummer, Richard Crotty, Teresa Jacobs, Linda Stewart, Bill Segal, and Tiffany Russel), members of the county Board of Zoning Adjustment (Frank Detoma, Asima Azam, Roderick Love, Scott Richman, Joe Roberts, and Marcus Robinson), and county employees (Tim Boldig, Mitch Gordon, Tara Gould, Carol Hossfield, Rocco Retini, and Phil Smith). The Court will sometimes refer to these defendants respectively as "commissioners," "board members," and "county employees."

[4] In Count I of their Amended Complaint, the Foleys ask for a declaratory judgment that certain provisions of the Orange County Code relating to the regulation of commercial aviculture (the "aviculture regulations") violate state and federal law as applied to the Foleys' use of the Christmas Property. Count II of the Amended Complaint seeks a declaratory judgment that the aviculture regulations violate state and federal law as applied to the Foleys' use of their residence. Count III seeks to enjoin the enforcement of the aviculture regulations under 22 U.S.C. § 2202.

In Count IV, the Foleys bring a claim pursuant to 42 U.S.C. § 1983 against all Defendants for damages and injunctive relief for violations of their substantive due process and equal protection rights. Count V sets forth a claim pursuant to Section 1983 for violating the Foleys' "court access rights." In Count VI, the Foleys seek damages under Section 1983 for the unlawful seizure of funds they used to pay certain fees in the course of obtaining a decision in the zoning proceedings. In Count VII, the Foleys seek damages under Section 1983 for the effect the aviculture regulations had on their commercial speech. In Count VIII, the Foleys bring a Section 1983 claim under the Fifth Amendment's Takings Clause for the economic loss they suffered.

In Count IX, the Foleys bring a claim under 42 U.S.C. § 1985(3), alleging that the Defendants conspired to deprive them of equal protection of the law. The Foleys claim that the Defendants violated 18 U.S.C. § 1964(a) in Counts X through XVI. The Foleys claim that the Defendants violated Section 772.104(1) of the Florida Statutes in Counts

seek to dismiss.

## STANDARDS

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The federal rules do not require "detailed factual allegations," but a "pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) (internal quotation marks omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570); *see also Randall v. Scott*, 610 F.3d 701, 708-09 (11th Cir. 2010) ("After *Iqbal* it is clear that there is no 'heightened pleading standard' as it relates to cases governed by Rule 8(a)(2), including civil rights complaints.").

In considering a motion to dismiss brought under Federal Rule of Civil Procedure 12(b)(6), a court limits its "consideration to the well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed." *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004) (citations omitted). The facts alleged in the complaint must be accepted as true and construed in the light most favorable to the non-movant. *Castro v. Sec'y of Homeland Sec.*, 472 F.3d 1334, 1336 (11th Cir. 2006). Dismissal is warranted if, assuming the truth of the factual allegations of the plaintiffs' complaint, there is a dispositive legal issue which precludes

---

XVII through XXII of the Amended Complaint. In Counts XXIII, XXIV, and XXV, the Foleys assert that Defendants violated Section 772.11 of the Florida Statutes. Lastly, in Count XXVI, the Foleys seek punitive damages under Section 768.72 of the Florida Statutes.

relief. *Neitzke v. Williams*, 490 U.S. 319, 326 (1989).

**ANALYSIS**

In this Order, the Court addresses first those claims brought against the Individual Defendants in their official capacity. The Court will then address the individual capacity claims brought against the county employees, board members, and commissioners. Finally, the Court will discuss the Foleys' remaining claims.

I.    Official Capacity Claims Brought Against the Individual Defendants

The Foleys bring claims against the Individual Defendants in their official capacity as employees, board members, and commissioners of Orange County. These claims are duplicative of the claims brought against Orange County. When a plaintiff names a government official in his official capacity, the plaintiff is seeking to recover compensatory damages from the government body itself. *See Brandon v. Holt*, 469 U.S. 464, 471-72 (1985). Thus, naming a government official in his or her official capacity is the equivalent of naming the government entity itself as the defendant. *See Busby v. City of Orlando*, 931 F.2d 764, 776 (11th Cir. 1991) (noting that "[t]o keep both the City and the officers sued in their official capacity as defendants in this case would have been redundant and possibly confusing to the jury" and affirming the district court's decision to grant a directed verdict in favor of the officers because the city remained as a defendant). Accordingly, all of the claims brought against the Individual Defendants in their official capacity are due to be dismissed.

II.    Individual Capacity Claims Brought Against the
       County Employees, Board Members, and Commissioners

The Foleys bring a number of federal and state law claims against the county employees, zoning board members, and commissioners in their individual capacity.

A.    The Federal and State Law Claims Brought
Against the Zoning Board Members and Commissioners

The federal and state law claims brought against the commissioners and members of the board of zoning adjustment are due to be dismissed. Under federal and Florida law, zoning and land use decisions, such as those presented in this case, are legislative acts. *See, e.g.*, *Hernandez v. City of Lafayette*, 643 F.2d 1188, 1193-94 (5th Cir. 1981) (holding that local legislators are entitled to absolute immunity from suit under Section 1983 for conduct in the furtherance of their duties); *S. Gwinnett Venture v. Pruitt*, 491 F.2d 5, 7 (5th Cir. 1974) (en banc) (holding that local zoning is quasi-legislative act not subject to federal juridical consideration absent arbitrary action); *Florida Land Co. v. City of Winter Springs*, 427 So. 2d 170, 174 (Fla. 1983) (finding that a zoning ordinance which effected a change in zoning for a specific parcel of land was a legislative act); *Schauer v. City of Miami Beach*, 112 So. 2d 838, 839 (Fla. 1959) (concluding that amending zoning ordinance was legislative function). Legislative decision-makers are immune from suit once a court determines that a decision-maker's conduct furthers his legislative duties. *Espanola Way Corp. v. Meyerson*, 690 F.2d 827, 829 (11th Cir. 1982).

Here, the conduct that is the basis for the Foley's claims falls within the scope of the zoning board members' and commissioners' legislative functions. Therefore, they are absolutely immune from suit. The federal and state claims against the board members and commissioners must be dismissed.

B.    The Federal Claims Brought Against the County Employees

As for federal claims brought against the county employees, all are subject to a four-year statute of limitations. *Agency Holding Corp. v. Malley-Duff & Assocs., Inc.*, 483

U.S. 143, 156 (1987) (civil RICO claims); *Burton v. City of Belle Glade*, 178 F.3d 1175, 1188 (11th Cir. 1999) (Section 1983 claim); *Rozar v. Mullis*, 85 F.3d 556, 561 (11th Cir. 1996) (Section 1983 and Section 1985 claims). The time of accrual of a federal cause of action is governed by federal law. *White v. Mercury Marine, Div. of Brunswick, Inc.*, 129 F.3d 1428, 1435 (11th Cir. 1997). "The general federal rule is that the statute [of limitations] does not begin to run until the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." *Rozar*, 85 F.3d at 561-62 (citation and internal quotation marks omitted) (alteration in original). "Plaintiffs must know or have reason to know that they were injured, and must be aware or should be aware of who inflicted the injury." *Id.* at 562.

In this case, as alleged in the Amended Complaint and accepted as true, the facts necessary to support a claim against the county employees were apparent or should have been apparent no later than the board of zoning adjustment hearing held on November 1, 2007, and certainly prior to the meeting of the county commissioners held on February 19, 2012. Thus, the time to bring federal claims against the county employees expired prior to the initiation of this lawsuit. The Foleys' federal claims are therefore barred by the applicable statutes of limitations.[5]

---

[5] The Court has considered whether it should equitably toll the limitations period and concludes that equity should not be used to preserve the federal claims raised in this case. The only circumstances present in this case that may support the tolling of the limitations period are the Foleys' request to the state court to review the code enforcement and zoning decisions. State court administrative proceedings do not, however, form a sufficient basis to invoke the power of equity. Federal law is clear that a plaintiff need not exhaust state administrative remedies before bringing such claims in federal court. *See, e.g.*, *Fetner v. City of Roanoke*, 813 F.2d 1183, 1185 (11th Cir. 1987) ("The Supreme Court repeatedly has made clear that the right to bring an action under § 1983 need not depend on the exhaustion of state judicial or administrative procedures.").

C.    The State Law Claims Brought Against the County Employees

As to the state law claims against the county employees, Section 768.28(9)(a) of the Florida Statutes grants them qualified immunity. The statute provides, in pertinent part:

> No officer, employee, or agent of the state or of any of its subdivisions shall be held personally liable in tort or named as a party defendant in any action for any injury or damage suffered as a result of any act, event, or omission of action in the scope of her or his employment or function, unless such officer, employee, or agent acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property . . . .

Fla. Stat. § 768.28(9)(a). "The purpose of qualified immunity . . . is to 'immunize public employees from liability for ordinary negligence, while providing injured claimants a remedy against governmental entities through the waiver of sovereign immunity.' " *Lemay v. Kondrk*, 860 So. 2d 1022, 1023 (Fla. 5th DCA 2003) (quoting *Rupp v. Bryant*, 417 So. 2d 658, 671 (Fla. 1982) (Boyd, J., dissenting)).

As applied to this case, Section 768.28(9)(a) immunizes the county employees from suit and liability in tort as long as they acted within the scope of their employment and did not act in bad faith, with malicious purpose, or in a manner exhibiting wanton and willful disregard of human rights. *See* Fla. Stat. § 768.28(9)(a); *see also Willingham v. City of Orlando*, 929 So.2d 43, 48 (Fla. 5th DCA 2006) ("Importantly, the immunity provided by section 768.28(9)(a) is both an immunity from liability and an immunity from suit . . . ."). The factual allegations in this case demonstrate that the county employees were acting within the scope of their employment. Nothing alleged suggests that the county employees acted in bad faith, with malicious purpose, or in wanton and willful disregard of human rights. Thus, the state law claims against the county employees are due to be dismissed.

III.   <u>The Claims Brought Against Orange County</u>

The claims that remain have been brought against Orange County. The basis of those claims and their current status, however, is murky. The Amended Complaint is exceedingly long and contains many footnotes, paragraphs, and extraneous explanations of legal theories and authorities. There are 203 paragraphs prior to the first assertion of a claim. The claims are grouped as "causes of actions" and then grouped again as "counts." The first paragraph in each "cause of action" asserts that it is incorporating by reference all of the first 203 paragraphs of the Amended Complaint. The "counts" attempt to incorporate by reference this incorporation by reference by stating "for the reasons provided in this cause of action." All in all, there are at least twenty-six separate "counts." Almost all of the counts assert multiple legal bases for relief in one or two conclusory paragraphs. There are no further references to the previous allegations of the complaint.

The Federal Rules of Civil Procedure require pleadings to be simple, concise, and direct. Litigants need only provide "a short and plain statement" of the grounds for the court's jurisdiction, a demand for relief, and a factual basis showing that they are entitled to the relief. Fed. R. Civ. P. 8(a). Federal Rule of Civil Procedure 10(b) further requires that each claim be set out separately "in numbered paragraphs, each limited as far as practicable to a single set of circumstances."

The Amended Complaint does not conform to those standards. Besides verbosity, the central problem of the Amended Complaint is that the particularity set forth in its first 203 paragraphs is unconnected to the Foleys' otherwise generally pled claims in any meaningful way. *See, e.g.*, *Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1279-80 (11th Cir. 2006). This lack of connection between the substantive

legal basis and the factual predicate for each claim severely restricts this Court's ability to analyze the claims that the Foleys seek to bring in this lawsuit. Rather than guessing what facts relate to which claims, the Court finds it appropriate to strike the Amended Complaint and permit Plaintiffs to replead their claims against Orange County. When doing so, Plaintiffs shall conform to the following guidelines.

First, the Court provides the following observation to the litigants in this case. Many litigants, whether represented by counsel or appearing *pro se*, believe that they must throw every conceivable claim or defense against the opposing party, file every conceivable motion, and seek relief for every conceivable slight. This is not a winning strategy. Issues end up not being framed properly, precisely, or at all. Claims and defenses with real merit get lost in the jumble. Multiple motions on peripheral matters bog down the Court and prevent it from expeditiously resolving issues that matter to the litigants. Further, spurious or weakly supported claims, defenses, and motions inevitably detract from the overall credibility of the offering party. The Court suggests to all litigants that a more effective strategy would be to focus their case on a few strong points.

Turning to the Foleys' claims, the Court notes it is abundantly clear that the central thrust of the Foleys' complaint against Orange County involves an alleged conflict in Florida law between the authority of the Florida Fish and Wildlife Conservation Commission to regulate captive wildlife and the authority of home-rule counties to enact uniform land use regulations. Article IV, Section 9 of the Florida Constitution provides for the formation of the Florida Game and Fresh Water Fish Commission. *See City of Miramar v. Bain*, 429 So. 2d 40, 42 (Fla. 4th DCA 1983). The Commission has exclusive authority to enact rules and regulations governing wildlife. *Id.* The Commission issues rules that regulate conduct falling within its authority. *Id.* Under

Florida law, a legislative enactment or municipal ordinance must give way to a rule promulgated by the Commission if the enactment or ordinance is in conflict with the rule. *Id.* (citing *Whitehead v. Rogers*, 223 So. 2d 330 (Fla. 1969)).

With this in mind, the Court understands one of the Foleys' complaints to be that three Code provisions[6] that regulate where "exotic birds" may be raised commercially in Orange County conflict with the rules promulgated by the Commission, which regard the possession, exhibition, and sale of captive wildlife and the regulation captive wildlife facilities. The Foleys contend that the aviculture regulations are invalid and therefore cannot be used by Orange County to prevent them from selling the toucans that they raise at their residence.

Upon consideration, the Court notes that it is possible for a plaintiff to bring such a claim under 42 U.S.C. § 1983 as an as-applied takings claim.[7] As-applied challenges to land use regulations are more properly understood to be takings claims, not substantive due process claims. *See Villas of Lake Jackson, Ltd. v. Leon Cnty.*, 121

---

[6] The Foleys challenge Section 38-1 of the Orange County Code to the extent it defines "aviculture (commercial)," Section 38-77 as it relates to "commercial aviculture," and Section 38-79(48), which provides for conditions relating to the issuance of special exceptions to the county land use table. In this Order, the Court refers to these portions of the Code as the "aviculture regulations."

[7] Section 1983 provides every person with the right to sue those acting under color of state law for violations of federal constitutional and statutory provisions. *See* 42 U.S.C. § 1983. Section 1983 is merely a vehicle by which to bring these suits; it does not create any substantive federal rights. Thus, every Section 1983 claim must identify the federal constitutional or statutory provision that is alleged to have been violated by the defendant.

To prevail on a claim under Section 1983, a plaintiff must demonstrate both (1) that the defendant deprived him of a right secured under the federal Constitution or federal law and (2) that such a deprivation occurred under color of state law. *Arrington v. Cobb Cnty.*, 139 F.3d 865, 872 (11th Cir. 1998). In doing so, a plaintiff must also show "an affirmative causal connection between the official's acts or omissions and the alleged constitutional deprivation." *Swint v. City of Wadley*, 51 F.3d 988, 999 (11th Cir. 1995).

F.3d 610, 613 (11th Cir. 1997); *Bickerstaff Clay Prods. Co. v. Harris Cnty.*, 89 F.3d 1481, 1490-91 (11th Cir. 1996). Here, the aviculture regulations appear on their face to be directed at the regulation of captive wildlife. Accordingly, they would appear to conflict with the Commission's rules regulating the possession, exhibition, and sale of captive wildlife.[8] The application of an invalid land use regulation may form the basis of a regulatory takings claim. Thus, it is possible that the Foleys could state a regulatory takings claim against Orange County.[9]

Third, it would be helpful to the Court if Plaintiffs set forth their claims in the Amended Complaint against Orange County in separate counts. Each count should indicate the nature of the claim being asserted—for example, by setting out the elements of the claim—and allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). For example, with regard to the as-applied takings claim discussed above, the Foleys need only identify the aviculture regulations, the conflicting state rules, the fact that the conflict renders the aviculture regulations invalid and unenforceable, and those facts showing that the county applied the aviculture regulations to the Foleys' residence. Each count should similarly set forth the elements

---

[8] In view of the state of the pleadings, the Court will not decide at this point whether an actual conflict exists such that the aviculture regulations are invalid. The Court will also not consider the ripeness of such a claim because it is not clear what additional claims are being brought against the County. *See, e.g.*, *Eide v. Sarasota Cnty.*, 908 F.2d 716, 720 (11th Cir. 1990) (holding that for a takings claim to be ripe, a plaintiff must demonstrate that he unsuccessfully "pursued the available state procedures to obtain just compensation" before bringing his federal claim).

[9] The Foleys may be able to bring other claims as well. However, the state of pleadings makes it impossible for the Court to determine the precise nature of all of the Foley's claims.

of <u>one</u> substantive claim and sufficient factual matter in support of that claim.[10]

Fourth, there is no need to set out a separate count for punitive damages. Punitive damages are a form of relief, not a freestanding cause of action. Such a claim for damages must be linked to a substantive claim for relief. Further, in *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981), the Court held that a municipality is immune from punitive damages under Section 1983. Thus, the Amended Complaint should not seek to recover punitive damages for any claim under Section 1983. Plaintiffs may seek punitive damages, however, if they assert a substantive claim that forms a basis for such relief.

Fifth, Counts I, II, and III purport to raise claims under the Declaratory Judgment Act. That statute, however, does not provide an independent cause of action or theory of recovery. *See* 28 U.S.C. §§ 2201-02; *see also Cok v. Forte*, 877 F. Supp. 797, 802 (D.R.I. 1995) (explaining that the Declaratory Judgment Act "simply provides a remedy for disputes already within the realm of federal jurisdiction"). The Act merely provides the Court with the authority to resolve the disputes brought before it. Plaintiffs must still identify a substantive basis for their claims.

Sixth, the parties appear to agree that some disputes raised in the Amended Complaint are no longer an issue in this case. For instance, the Court construes at least one of the Foleys' claims to be based on Orange County's refusal to issue a building permit for the enclosures at the residence. However, at the hearing held in this case on November 8, 2012, the parties suggested that the permits were subsequently issued

_____

[10] A claim for the denial of equal protection, for example, must allege facts from which the Court can infer that (1) a plaintiff was treated differently than similarly-situated persons, and (2) a defendant did not apply evenly a facially neutral statute for the purpose of discriminating against the plaintiff. *See, e.g.*, *Crystal Dunes Owners Ass'n Inc. v. City of Destin*, 476 F. App'x 180, 185 (11th Cir. 2012).

and the enclosures built. If that is the case, then it would appear that any claim based on Orange County's refusal to issue a permit would be moot. Moot claims do not raise active "cases or controversies," which are the only type of claims that this Court may decide. Thus, the Amended Complaint should include only those claims in which the parties have an active controversy.

## CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1.      Defendants' Dispositive Motion to Dismiss the Amended Complaint with Prejudice or, Alternatively, Motion for Summary Judgment (Doc. 93) is **GRANTED IN PART and DENIED IN PART**. The Amended Complaint (Doc. 85) is **STRICKEN**. The claims brought against Defendants Fred Brummer, Richard Crotty, Teresa Jacobs, Linda Stewart, Bill Segal, and Tiffany Russel, Frank Detoma, Asima Azam, Roderick Love, Scott Richman, Joe Roberts, and Marcus Robinson, Tim Boldig, Mitch Gordon, Tara Gould, Carol Hossfield, Rocco Retini, and Phil Smith are **DISMISSED WITH PREJUDICE**. The claims brought against Orange County are **DISMISSED WITHOUT PREJUDICE**. Plaintiffs shall file a second amended complaint that is consistent with this Order on or before January 4, 2013. Orange County shall answer on or before January 25, 2013.

2.      Plaintiffs' Cross-Motion for Partial Summary Judgment on Causes I, II & III (Doc. 100) is **DENIED WITHOUT PREJUDICE**.

3.      Plaintiffs' Motion to Strike (Doc. 115) is **DENIED**.

4.      Plaintiffs' Rule 60 Motion for Relief (Doc. 146) and Amended Rule 60 Motion for Relief (Doc. 149) are **DENIED**.

5.      Discovery in this action is **STAYED** until such a time as the pleadings are

closed. The Magistrate Judge may, in her discretion, adjudicate the pending discovery motions or hold their consideration in abeyance until discovery resumes.

6.    The Court finds good cause to amend the Case Management and Scheduling Order (Doc. 83) as follows. This case is hereby referred the Honorable David A. Baker for a mediation conference. The mediation conference shall be conducted on or before **February 15, 2013**. The parties shall contact Magistrate Judge Baker's office to schedule a mutually agreeable time.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on December 4, 2012.

ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record
*Pro Se* Parties
Honorable Karla R. Spaulding
Honorable David A. Baker