**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

DAVID W. FOLEY, JR.; and JENNIFER T. FOLEY,

        Plaintiffs,

vs.                                                    Case No. 6:12-cv-269-Orl-37KRS

ORANGE COUNTY, FLORIDA,

        Defendant.

**ORDER**

This cause is before the Court on the Individual Defendants' Motion for Judgment Pursuant to Rules 54(b) and 58 (Doc. 155), filed December 13, 2012. Upon review of the Motion, the Court has determined that it is not necessary for Plaintiffs to respond.

The Individual Defendants seek entry of a partial final judgment, for reasons somewhat obscure. The Individual Defendants contend that, as "prevailing parties," they are entitled to "finality and clarity." (Doc. 155, p. 6.)[1]

The Court notes that Federal Rule of Civil Procedure 54(b) controls, not Federal Rule of Civil Procedure 58. *See* 20 Charles Alan Wright & Mary Kay Kane, *Federal Practice and Procedure Deskbook* § 108 (2011) (instructing that Rule 54(b) is the mechanism through which the Court may "direct the entry of judgment as to one or more but fewer than all of the claims or parties only upon an express determination that

---

[1] Although the Court has dismissed the Individual Defendants, there has been no judicial determination that they are "prevailing parties" as that term is used for purposes of an award of attorney's fees and costs, nor has there been a judicial determination that any such award is warranted under the circumstances of this case. The Individual Defendants' earnest expectation of an award of attorney's fees provides no legal basis whatsoever for the relief sought in the instant Motion.

there is no just reason for delay"). Rule 54(b) was designed to facilitate the entry of an order of final judgment in a multi-claim, multi-party action where the parties demonstrate a need for making review available on some of the claims or parties before an entry of final judgment as to all. *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 432 (1956). Rule 54(b) does not countenance piecemeal review of a case. The rule is not to be invoked indiscriminately; rather, the drafters of the Federal Rules of Civil Procedure anticipated it would be used only in the "infrequent harsh case." *Panichella v. Pa. R.R. Co.*, 252 F.2d 452, 455 (3d Cir. 1958). This is not such a case. There has been no showing that sound judicial administration warrants a partial judgment. Therefore, the Motion is due to be denied.

Accordingly, it is hereby **ORDERED and ADJUDGED** that the Individual Defendants' Motion for Judgment Pursuant to Rules 54(b) and 58 (Doc. 155) is **DENIED**.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on December 19, 2012.

ROY B. DALTON JR.
United States District Judge

Copies:
Counsel of Record