# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**DAVID W. FOLEY, JR. and JENNIFER T. FOLEY,**

                                 **Plaintiffs,**

**-vs-**                                           **Case No.  6:12-cv-269-Orl-37KRS**

**ORANGE COUNTY,**

                                 **Defendant.**

_____

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **MOTION REGARDING SUFFICIENCY OF ANSWER & OBJECTION (Doc. No. 244)** |
| **FILED:** | **May 21, 2013** |

Plaintiffs David and Jennifer Foley served voluminous requests for admission on Defendant Orange County, Florida ("County").  They ask that the Court determine the sufficiency of the County's answers and objections and order either that the matters in dispute are admitted or require that supplemental answers be served.  Doc. No. 244.  The County responded by serving updated responses to some of the requests and further clarification in response to the Foleys' objections.  Doc. No. 253 at 4-26.

As a preliminary matter, the County objects both to the length of the motion and the timing of the motion.  The motion is 115 pages long with exhibits totaling another 157 pages.  Even though the Foleys may have believed that the length of the motion was justified in order to comply

with Local Rule 3.04, which requires that discovery requests and responses be quoted in full, they should have sought leave to exceed the page limits established by Local Rule 3.01(d) before filing the overlong motion.  Because the discovery period has now closed, and the County has responded to the motion on the merits, the Court will not strike the motion.  Going forward, however, the parties are again reminded that they may not ignore the limitations established by the rules of this Court.

As to the timing of the filing, the Court permitted discovery to continue through May 31, 2013.  Doc. No. 206. The Case Management and Scheduling order provides that motions related to discovery  must be filed sufficiently before the discovery deadline to permit a response to be filed before the discovery deadline.  Because the above-referenced motion was filed on May 30, 2013, it was untimely and could be denied.  The Court will, nevertheless, exercise its discretion to consider the merits of the dispute because the deadline for filing dispositive motions is less than two weeks away.

Fed. R. Civ. P. 36(a)(1) permits a party to serve on any other party a written request to admit the truth of any matters within the scope of Fed. R. Civ. P. 26(b)(1) relating to facts, the application of law to fact, opinions about either and the genuineness of a described document. Rule 36(a)(4) requires the responding party to admit, deny or state in detail why it cannot truthfully admit or deny a request.  Rule 36(a)(5) also permits a party to object to a request and state the grounds for the objection.  Rule 36(a)(6) allows the requesting party to file a motion to determine the sufficiency of an answer or objection.

The Foleys quote all of the requests for admission, even though there appears to be no dispute about some of those requests.[1]  The following requests were admitted without qualification:  Requests 10, 11, 16, 17, 18, 20, 21, 29, 30, 31, 49, 50, 51, 55, 56, 61[2], 63, 66, 72, 74, 79, 80, 83, 84, 85, 87, 106[3], 114, 115[4], 117, 118, 119, 121, 123, 124, 125, 140, 141, 147, 149, 150, 151, 156, 174, 175, 178[5], 185, 186, 187, 188, 193, 198, 201, 202, 206, 207, 208, 213, 215, 216, 217, 220, 225, 229, 230, 233, 235, 237, 238, 239, 242, 244,  247, 253.   Therefore, to the extent that the motion requests a finding from the Court regarding these admitted requests for admissions, the motion is **DENIED.**

Other requests were denied without qualification: 39[6], 41, 54, 69, 70, 71, 76[7], 77, 78[8], 97, 122, 126, 146, 162, 163, 165, 166, 167, 168, 169, 177, 180, 228, 232, 234, 259, 267.  There is no provision in the Federal Rules of Civil Procedure for a party to litigate a denied request for admission before trial.  *Point Blank Solutions, Inc. v. Toyobo Am., Inc.*, No. 09-61166-CIV, 2011

---

[1]There are no requests numbered 1 through 9.  Instead, the Foleys' requests are numbered 10 through 268.

[2]  *See* Doc. No. 253 at 4.

[3]  *See* Doc. No. 254 at 3.

[4]  *See* Doc. No. 253 at 4.

[5]  *See* Doc. No. 253 at 4.

[6]  *See* Doc. No. 253 at 4.

[7]  *See* Doc. No. 253 at 4.

[8]  *See* Doc. No. 253 at 4.

WL 742657, at *3 (S.D. Fla. Feb. 24, 2011).[9]  Therefore, to the extent that the motion requests a finding from the Court regarding these denied requests for admissions, the motion is **DENIED.**

In its response, the County contends that the following additional requests for admission are also not in dispute: 12, 38, 42, 43, 104, 152, 173, 181, 182, 184, 189, 190, 199, 200, 203, 205, 209, 210, 219, 221 and 241.  Doc. No. 253 at 1-2.  In their motion, the Foleys did not state an objection immediately following the quotation of each of these requests, except for request 219 to which an objection was made.  Therefore, to the extent that the motion requests a finding from the Court regarding requests  12, 38, 42, 43, 104, 152, 173, 181, 182, 184, 189, 190, 199, 200, 203, 205, 209, 210, 221 and 241, the motion is **DENIED.**

I will address the remaining requests for admissions in dispute by category.

### Responses that Qualify Admissions or Denials.

When a party admits or denies a request for admission, no statement of reasons for the admission or denial is required.  On rare occasion, a party may qualify or explain an admission when the request for admission, if taken out of context, could convey unfair references.  *See Lewis v. Michaels Stores, Inc.*, No. 3:05-cv-1323-J-33HTS, 2007 WL 2021833, at *1 (M.D. Fla. July 12, 2007) (citing Fed. R. Civ. P. 36(a) and *Henry v. Champlain Enters., Inc.*, 212 F.R.D. 73, 77-78 (N.D.N.Y. 2003)).

---

[9]  Fed. R. Civ. P. 37(c)(2) provides for sanctions under certain circumstances against a party who failed to  admit a request for admission if the requesting party later proves the matter to have been true. The 1970 Advisory Committee Notes to this Rule state: "Rule 37(c) is intended to provide posttrial relief in the form of a requirement that the party improperly refusing the admission pay the expenses of the other side in making the necessary proof at trial."

The Foleys complain that the County's qualification of its responses to a number of requests that the County admitted or denied were improper. The Foleys objections are well taken as to certain of these requests.

In request 13, the Foleys asked the County to admit that the Solandra property is the homestead of David and Jennifer Foley.  The County responded that it is without knowledge as to whether the Solandra property has been claimed as the homestead.  Doc. No. 244 at 5.  Rule 36(a)(4) provides that "[t]he answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain in insufficient to enable it to admit or deny." The County has not complied with this requirement.[10]  Therefore, the motion is **GRANTED** as to request 13.  It is **ORDERED** that, on or before June 13, 2013, the County shall serve an amended response to request 13, which response must fully comply with Rule 36(a)(4).

In request 14, the Foleys asked the County to admit that a certain telephone number was the land-based number associated with the Solandra property.  In request 33, the Foleys asked the County to admit that a certain telephone number was the telephone number associated with their Solandra residence in the February 23rd citizen complaint.  The County admitted both requests only to the extent that the telephone number was associated with the Foleys and the Solandra property but that it was, at one point, disconnected.  Doc. No. 244 at 6, 13.  The County could have properly objected to request 14 because it was not limited in time, admitted the request in

---

[10]  In a recently filed supplement, the County provided some information about the reason it was without knowledge as to some of these requests.  *See* Doc. No. 253 at 13.  It must, nevertheless, state those reasons in the amended responses.

part by identifying the dates on which the telephone number was disconnected, or admitted the request in part and denied the request in part.  Instead, the County chose to rewrite the request and respond to the rewritten request. Therefore, the motion to require the County to provide a more specific response to requests 14 and 33 as written is **GRANTED.**  It is **ORDERED** that the County shall serve an amended response to requests 14 and 33 on or before June 13, 2013.[11]

In request 15, the Foleys asked the County to admit that, in 2002, they were cited for violation of "the county code's prohibition of pet geese at" the Solandra property.  Doc. No. 244 at 6.  The County did not specifically object to the request.  Rather, it denied the request with the following qualification:  "The Orange County Code does not contain a prohibition referred to as the prohibition of pet geese.  The request is ambiguous and argumentative." *Id.* at 7.  In response to request 16, the County admitted that the Foleys were cited with violating code provisions that prohibited raising or keeping poultry. *Id.*  It appears, therefore, that the County's problem with request 15 was the reference to the geese as pets.  If so, the proper response to the request would have been to object to the request, deny the request without qualification, or admit the request in part and deny or qualify the admission to the extent that the code provision addressed to raising or keeping poultry does not make an exception for poultry that are pets.  Therefore, the motion is **GRANTED** as to request 15.  It is **ORDERED** that the County shall serve an amended response to request 15 on or before June 13, 2013, either admitting or denying the request as written or

---

[11] The time for objecting to requests has expired.  Therefore, the responses shall address the merits of the requests.

admitting part of the request, denying part of the request or stating why it does not have sufficient knowledge to admit or deny all or part of the request.

In request 19, the Foleys asked the County to admit that the Code Enforcement Board ("CEB") found that they were prohibited from keeping their geese on the Solandra property based on the CEB finding regarding the Use Table.  The County denied the request with the following qualification: "The Code Enforcement Board does not simply review the Use Table to determine whether there is a violation."  Doc. No. 244 at 8.  This is an appropriate qualification because it puts the denial in context.  Therefore, the motion is **DENIED** as to request 19.

In requests 22 and 23, the Foleys asked the County to admit that they were cited for a code violation at an address on Lehigh Avenue in Orlando.  The County denied the requests, stating that the listed address was not the address on the citation.  On May 9, 2013, the Foleys amended the requests to cite the correct address.  *Id.* at 9.[12]  In requests 24, 25, 27 and 28, the Foleys asked the County to admit information about particular case numbers.  The County denied the requests because the case numbers cited were incorrect.  The Foleys  served amended requests to include the correct case number.  *Id.* at 10-12.  The County refused to respond to the amended requests arguing that the Foleys were not allowed to amend the requests and require the County to respond to the amendments outside the discovery period.  The County's position is inconsistent with Local Rule 3.01(g), which requires the parties and counsel to work in good faith to resolve discovery

-------

[12]  Request 22 referred to the property at which the "Lehigh poultry violation" occurred by the incorrect address.  Request 23 referred to the "Lehigh poultry violation" without restating the address.  Doc. No. 244 at 9.  By amending the address for the "Lehigh poultry violation," the Foleys effectively amended both requests 22 and 23.

disputes. The County has voluntarily amended some of its earlier answers, and it should reasonably have permitted the Foleys to amend some of their requests as a part of the good faith conference.  Therefore, the motion is **GRANTED** to the extent that, on or before June 13, 2013, the County shall serve responses to requests 22, 23, 24, 25, 27 and 28, as amended.

In request 26, the Foleys asked the County to admit that the CEB decision was based on an identified provision of the Use Table.  The County denied the request, stating that the CEB considered all the evidence, not just the Use Table, to make its decision.  Doc. No. 244 at 10-11. This fairly responds to the request.  Therefore, the motion is **DENIED** as to request 26.

In request 32, the Foleys asked the County to admit that the Solandra Drive address was Mr. Foley's address at the time the February 23rd citizen complaint was made.  The County admitting the request as stated.  It denied a request the Foley's did not make, which is the place of Mr. Foley's current abode.  The motion is **GRANTED** to the extent that the denial is extraneous to the request made.  The denial is, therefore, **STRICKEN.**

In request 34, the Foleys asked the County to admit that the February 23rd citizen complaint correctly identified the December 2006 issue of BirdTalk magazine as the location of a classified ad offering birds to sale at www.disostede.com with a specified telephone number.  The County admitted that the citizen complaint correctly identified BirdTalk Magazine as the location of the classified ad but indicated that it was without knowledge whether the December issue contained such a classified ad because the Foleys' did not produce the December 2006 edition of BirdTalk magazine in discovery.  This explanation is sufficient to comply with Rule 36(a)(4). Accordingly, the motion is **DENIED** as to request 34.

Case 6:12-cv-00269-RBD-KRS   Document 256   Filed 06/10/13   Page 9 of 27 PageID 3699

In request 36, the Foleys asked the County to admit that www.diostede.com "identified the enterprise it promoted as *El Jardin Diostede*," and in request 37, the Foleys asked the County to admit that the website claims that *El Jardin Diostede* raised more Collared aracari than anyone, anywhere.  The County confusingly admitted, denied and stated it was without knowledge of matters in the requests and matters not in the requests.  It also needlessly quibbled about the definition of the word "enterprise," which dispute should have been resolved in the Rule 3.01(g) conference.  Accordingly, the motion is **GRANTED** as to requests 36 and 37.  It is **ORDERED** that, on or before June 13, 2013, the County shall serve an amended response directed to requests 36 and 37 as written, which amended response must comply with Rule 36(a)(4).

In request 40, the Foleys asked the County to admit that the website www.diostede.com "featured" a particular telephone number. The County denied the request, with the following clarification: "The above-page included the listed telephone number adjacent to David Foley's name, not the name of *El Jardin Diostede*."  The qualification is nonsensical and is inconsistent with the County's response to the motion indicating that it denied the request because the telephone number was not "featured" on the website.  *See* Doc. No. 253 at 9.  Accordingly, the motion is **GRANTED.**  It is **ORDERED** that, on or before June 13, 2013, the County shall serve an amended response to request 40.

In request 52, the Foleys asked the County to admit that Inspector Smith had access to the internet in his Code Enforcement vehicle.  The County denied that Smith had such access in 2007. The request is vague because it did not state the time frame of the request.  Accordingly, the motion is **DENIED** as to request 52.

In request 53, the Foleys asked the County to admit that Inspector Smith had access to the website www.diostede.com from the offices of Orange County Code Enforcement. Doc. No. 244 at 22. In an amended response to this request, the County admitted that Inspector Smith had internet access at the offices of Orange County Code Enforcement, denied that he could access the specified website from his computer, and denied that he did access the specified website. Doc. No. 253 at 10. This response fairly meets the request. Therefore, the motion is **DENIED** as to request 53.

In request 57, the Foleys asked the County to admit that a February 23rd citizen complaint establishes that the Foleys were engaged in commercial aviculture. The County denied the request and stated, in an amended answer, that a complaint is insufficient to establish the requested admission. Doc. No. 244 at 23; Doc. No. 253 at 11. The response fairly meets the request. Therefore, the motion is **DENIED** as to request 57.

In requests 58, 59 and 60, the Foleys asked the County to admit that a classified ad in the December 2006 issue of BirdTalk Magazine, the website www.diostede.com, and a sales agreement on that website established that activities reported in the February 23rd complaint were commercial aviculture. The County denied the requests with the explanation that the classified ad, the website and the sales agreement do not establish "that activities occurring at the property are in violation of the Orange County zoning code and constitute commercial aviculture." Doc. No. 244 at 24-25. In response to the Foley's motion, the County states that it considered more than one piece of evidence in deciding whether the Foleys' activities were commercial aviculture. Doc. No. 253 at 11. The County was not asked to admit what it considered; it was asked to admit

whether individual items are sufficient to establish that the Foleys were engaged in commercial aviculture as reported in the February 23rd complaint.  As such, the County's response does not fairly address the requests.  Therefore, the motion is **GRANTED** as to requests 58, 59 and 60.  It is **ORDERED** that, on or before June 13, 2013, the County shall serve an amended response to requests 58, 59 and 60.

The County admitted in part and denied in part requests 64 and 73.  The parts of the requests admitted and those denied are clearly stated.  Therefore, the motion is **DENIED** as to requests 64 and 73.

In request 75, the Foleys asked the County to admit "that at no time during the February 28th visit did Inspector Smith show David Foley the February 23rd complaint."  The County denied the request with a qualification that "[t]he complaint was available for viewing."  Doc. No. 244 at 32.  The qualification of the denial does not fairly meet the request because is neither admits or denies whether Smith showed David Foley the complaint on the day specified. Therefore, the motion is **GRANTED** as to request 75.  It is **ORDERED** that, on or before June 13, 2013, the County shall serve an amended response to request 75.

In requests 81, 86 and 88, the Foleys asked the County to admit that certain documents and a sign made no mention of 6 listed subjects.  The County admitted the requests with an explanation that the County Code refers to aviculture (commercial) not non-commercial aviculture.  The County argues that the explanation was necessary because one of the listed subjects was "a violation of any *aviculture* or *aviary* policy or ordinance."  Doc. No. 253 at 12-13.

-11-

Because the requests refer to a policy, the explanation was appropriate.  Therefore, the motion is **DENIED** as to requests 81, 86 and 88.

In request 82, the Foleys asked the County to admit that a quoted portion of the March 1st notice "described the violation . . ." with certain language.  The County admitted that the request accurately quoted a portion of the Notice of Violation but denied that the entire Notice of Violation had been quoted.  Doc. No. 244 at 82.  The County's response fairly meets the request.  Therefore, the motion is **DENIED** as to request 82.

In request 89, the Foleys asked the County to admit that on or about March 22, 2007, Zoning Code Specialist Tarsha Lee met and spoke with David Foley.  In an amended response, the County admitted that Lee is a Zoning Code Specialist, that she met with David Foley on March 27, 2007 and denied that Lee met with David Foley on March 22, 2007.  Doc. No. 254 at 1-2.  The response fairly meets the request.  Therefore, the motion is **DENIED** as to request 89.

In an amended response to requests 90, the County admitted the requested information about the subject of the March 27, 2007 meeting and denied that the meeting occurred on March 22, 2007.  The amended response is sufficient.  Therefore, the motion is **DENIED** as to request 90.

In its responses to requests 91, 92, 93, 94, 95, 96, 98, 99, 100, 101, 102, 103, 105, 107, 108, 109, 110, 111, 112, 113, and 139, the County stated that it was "without knowledge" of the statements made at the meeting, but it did not comply with the requirements of Rule 36(a)(4) requiring it to state that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.  Therefore, the motion is **GRANTED**

as to these requests.  It is **ORDERED** that, on or before June 13, 2013, the County shall serve

amended responses to requests 91, 92, 95, 96, 98, 99, 100, 101, 102, 103, 105, 107, 108, 109, 110,

111, 112, 113, and 139 provide the information required by Rule 36.

The County both admitted and objected to request 116.  The admission was not limited to

a specific part of the request.  Therefore, the motion is **GRANTED** as to request 116 and the

objections and qualifications to that request are **STRICKEN**.

In request 120, the Foleys asked the County to admit "that at the April 18th hearing

Inspector Smith never referred to the Foleys' structure as an *aviary*."  Doc. No. 244 at 51.  The

County admitted that "the transcript of the hearing before the Code Enforcement Board does not

show that Inspector Smith referred to the structures with the word 'aviary,' but denied that it was

unclear that the structures were for birds."  *Id.* at 52.  The qualification of the admission is

inappropriate because it leaves open the possibility that the County will contend that Smith used

the word aviary and the transcription is incomplete.  Therefore, the motion is **GRANTED** as to

request 120.  It is **ORDERED** that, on or before June 13, 2013, the County shall serve an

amended response to request 120.

In request 132, the Foleys asked the County to admit that they could not challenge the

constitutionality of a County aviculture policy because the CEB did not find them to be in

violation of that policy or applicable ordinances.  The County denied the request, with the

explanation that the Foleys could have filed any action they wanted to file.  Doc. No. 244 at 57.

The response fairly meets the request as worded.  Therefore, the motion is **DENIED** as to request

132.

In response to requests 134, 135, 136, 137, 138, 148, 153, 155, 159, 160, 161, 164, 191, 192, 211, 212, 243, 246, and 256 the County responded (in whole or in part), "Without knowledge." Doc. No. 244 at 58-60, 64-69, 70, 83-84, 89, 101-02, 106-07. As discussed above, these responses do not satisfy the requirements of Rule 36(a)(4).[13] Therefore, the motion is **GRANTED** as to requests 134, 135, 136, 137,138, 148, 153, 155, 159, 160, 161, 164, 191, 192, 211, 212, 243, 246, and 256. It is **ORDERED** that, on or before June 13, 2013, the County shall serve amended responses to these requests that fully comply with Rule 36.

In requests 157 and 158, the Foleys asked the County to admit that David Foley presented an "Orange County zoning employee" with constructions plans which were signed by an engineer. The County objected because the requests did not identify the employee and because the events were too remote in time. Rule 36 does not require the Foleys to identify the employee. The events are not too remote in time because they are part of, or lead up to, the events at issue. Therefore, the motion is **GRANTED** as to requests 157 and 158. It is **ORDERED** that, on or before June 13, 2013, the County shall serve amended responses to requests 157 and 158.

In request 170, the Foleys asked the County to admit that during a specific time period, Alan Plante waived certain requirement of the Orange County Code. The County denied the request and stated that Mr. Plante did not waive the requirements. Doc. No. 244 at 75. The response fairly meets the request. Therefore, the motion is **DENIED** as to request 170.

---

[13] In its response to the motion, the County attempted to assert objections to this request. Doc. No. 253 at 22. These objections are untimely and will not be considered.

In request 171, the Foleys asked the County to admit that "on or about June 25, 2007, Mitch Gordon revised the May 25th first draft of his Determination [Gordon second draft]." The County "Admitted that there is a second draft of Mr. Gordon's letter," but made no response to when the draft was prepared. Therefore, the response does not fairly meet the request. Therefore, the motion is **GRANTED** as to request 171. It is **ORDERED** that, on or before June 13, 2013, the County shall serve an amended response to request 171.

In request 179, the Foleys asked the County to admit that it received an administrative fee on or about August 5, 2007. The County denied the request with an explanation that the check was received on the day specified but a receipt was not written until on or about August 15, 2007. Doc. No. 244 at 80. The explanation does not clarify the denial because it acknowledges a check was received on the date specified. It is not clear why the date a receipt was issued is material. Therefore, the motion is **GRANTED** as to request 179. It is **ORDERED** that, on or before June 13, 2013, the County shall file an amended response to request 179.

In request 195, the Foleys asked the County to admit that in a September 14 email, Mr. Relvini told David Foley that he would cancel the Foleys' hearing and reschedule it. The County admitted that were was an email communication that addressed the continuance, but denied that there was a September 14 email. Doc. No. 244 at 85. The Foleys wish to amend the request to correct the date to September 18, 2007, which would have been a proper subject for resolution during the Rule 3.01(g) conference. Therefore, the motion is **GRANTED** to the extent that, on or before June 13, 2013, the County shall serve an amended answer to request 195 addressing the request with the amended date of September 18, 2007.

In requests 197 and 204, the Foleys asked the County to admit that particular documents were sent by mail on or about particular dates to every property owner within approximately three hundreds yards of the Foleys' home. The County admitted the documents were sent by mail and "otherwise <u>Denied</u>" the requests. Doc. No. 244 at 85, 87. The County's response to the motion does not clarify whether the County denies that the particular document was sent to the described property owners, whether the County denies the date of the mailing, or whether the County denies the request for some other reason. Doc. No. 253 at 20-21. As such, the denials do not fairly meet the request. Therefore, the motion is **GRANTED** as to requests 197 and 204. It is **ORDERED** that, on or before June 13, 2013, the County shall serve an amended response to requests 197 and 204 identifying with specificity what part of the request it admits and what part it denies.

In request 218, the Foleys asked the County to admit that the Foleys gave certain documents to members of the BZA before the November 1 hearing. The County objected to the request as irrelevant. Doc. No. 244 at 91. It is not clear from the Foleys' response to the objection why the materials that were given to the members of the BZA are relevant to the matters in dispute in this case. Therefore, the motion is **DENIED** as to request 218.

In requests 222, 223 and 224, the Foleys asked the County to admit that Rocco Relvini represented the Zoning Division and gave quoted testimony at a November 1st hearing. The County denied that Mr. Relvini presented the Zoning Division because he was not an attorney. An individual can be a representative of a government agency, department or division, even if they do not act as an attorney, just as a non-attorney may be a representative of an entity during a

-16-

trial.  Therefore, the motion is **GRANTED** as to requests 222, 223 and 224.  It is **ORDERED** that, on or before June 13, 2013, the County shall serve an amended response to request 222, 223 and 224.

In request 240, the Foleys asked the County to admit "that on, or about, December 14, 2007, the Foleys, and every property owner within three hundred yards of the Foleys' home, were sent by US Mail the BCC's Public Hearing Notice of the Foleys' Appeal of the BZA's recommendation to approve the Zoning Manager Determination [December 14th Notice]."  The County responded, "Admitted that the notice was sent; Denied as to the distance."  Doc. No. 244 at 100.  It is unclear why the County did not admit the request as written and deny only the phrase "within three hundred yards of the Foleys' home."  Therefore, the motion is **GRANTED** as to request 240.  It is **ORDERED** that, on or before June 13, 2013, the County shall serve an amended response to request 240 that tracks the language of the request.

In request 258, the Foleys asked the County to admit that Tim Bolding represented the Zoning Division at the BCC hearing.  The County admitted that Mr. Bolding addressed the BCC but denied that Mr. Bolding was an attorney representing the Zoning Division.  Doc. No. 244 at 108.  As discussed above, an individual who is not an attorney may represent a government agency, department or division.  If Mr. Bolding was a representative of the Zoning Division, albeit not an attorney, the County should so state.  Therefore, the motion is **GRANTED** as to request 258.  It is **ORDERED** that, on or before June 13, 2013, the County shall serve an amended response to request 258.

-17-

In request 260, the Foleys asked that the County admit that Mr. Bolding presented a slide which read as quoted in the request during the BCC hearing.  The County objected to the request as irrelevant because Mr. Bolding was not a party.  Because the County has not indicated whether Mr. Bolding was acting as its representative in the presentation at the BCC hearing, the reasons presented for objecting to the request are insufficient to sustain the objection. Therefore, the motion is **GRANTED** as to request 260.  It is **ORDERED** that, on or before June 13, 2013, the County shall serve an amended response to request 260.

In request 261, the Foleys asked the County to admit the text of a code provision.  The County objected as irrelevant because Mr. Bolding is not a party to this case.  This response to request 261 is nonsensical; the request does not mention Mr. Bolding.  Therefore, the motion is **GRANTED** as to request 261.  It is **ORDERED** that, on or before June 13, 2013, the County shall serve an amended response to request 261.

**Requests to Authenticate Documents.**

In request 35, the Foleys essentially ask the County to admit that an exhibit it filed is authentic.  Doc. No. 244 at 14 ("Admit that Dkt 106-5, pg. 16, is a copy of a page from the website www.diostede.com.").  The County admitted that "the specified page was on the website on the date that it was printed," but it did not identify that date and the document does not bear the date.  The County further responded that it was without knowledge of the content on the website on other dates, which was not a question it was asked.  Because the County filed the document and admitted its authenticity, the qualifications to the admissions are inappropriate.  Therefore, the

-18-

motion is **GRANTED** as to request 35 and the request is deemed to be **ADMITTED** without qualification.

In request 44, the Foleys asked the County to admit that a sales agreement at Doc. No. 106-5, pgs 14, 15 was featured on www.diostede.com.  The County responded about an unidentified attachment (rather than referring specifically to Doc. No. 106-5, pages 14 and 15) and again quibbled about the meaning of terms (in this case "featured"), which dispute should have been resolved in a good faith conference.  Therefore, the motion is **GRANTED** as to request 44.  It is **ORDERED** that, on or before June 13, 2013, the County shall serve an amended response to request 44 that specifically addresses the document found at Doc. No. 106-5, pgs 14, 15

In requests 45, 46, 47 and 48, the Foleys ask the County to admit certain facts contained in the sales agreement.  In request 43, the Foleys defined the "sales agreement" as something found on www.diostede.com, and in request 44, they identified the "sales agreement" on www.diostede.com  as a document at Dkt 106-5, pgs. 14, 15. Doc. No. 244 at 18-19.  The County admitted requests 45, 46, 47 and 48 in a manner that suggests, but does not clearly state, that the form Sales Agreement it refers to is the document found at Dkt. No. 106-5, pgs 14, 15.  Doc. No. 244 at 20-21.   If the County wishes to limit the admission to the sales agreement found at Dkt 106-5, pgs 14, 15, it should explicitly so state, in which case the denial portion of the responses to these requests is unnecessary.  Therefore, the motion is **GRANTED** as to requests 45, 46, 47 and 48.  It is **ORDERED** that, on or before June 13, 2013, the County shall serve amended responses to these requests that identify the sales agreement to which the County's admission applies by docket number.

-19-

In request 62, the Foleys asked the County to admit that a use table found at Dkt. 210, Ex. 1 is a true and accurate copy.  The County denied the request because the document did not show the zoning classification at the top of each page.  Doc. No. 244 at 26.  However, the identified document does have zoning classifications (A-1, A-2, etc.), and the County has previously told the Court that it could not identify any inaccuracies in Doc. No. 210-1 (Doc. No. 219 at 2). Therefore, the motion is **GRANTED** as to request 62.  It is **ORDERED** that, on or before June 13, 2013, the County shall file an amended response admitting or denying the authenticity of the document without clarification or explanation.

In request 142, the Foleys asked the County, essentially, whether a letter attached as Exhibit 7 to their Second Amended Complaint, exclusive of attachments, is genuine.  The County denied the request with a number of explanations that address issues not raised in the request. Doc. No. 244 at 60.  Therefore, the motion is **GRANTED** as to request 142.  It is **ORDERED** that the County shall construe request 142 as a request to admit the authenticity of the referenced document and, on or before June 13, 2013, serve an amended response to that request.

In request 143, the Foleys asked the County to admit that their request for a zoning determination included certain attachments.  The County denied that both Jennifer and David Foley made the request and admitted that the request referenced and attached the described documents.  The response fairly met the request.  Therefore, the motion is **DENIED** as to request 143.

In request 144, the Foleys asked the County to admit that Tara Gould drafted a specifically identified memorandum of law on or about May 21, 2007.  The County admitted that there is a

-20-

memorandum identified from Ms. Gould dated May 21, 2007, but denied that the memorandum was drafted on May 21, 2007.  The County's response does not fairly meet the request because it does not admit the specific memorandum at issue and the request asked only whether the memorandum was drafted "on or about" May 21, 2007.  Therefore, the motion is **GRANTED** as to request 144.  It is **ORDERED** that, on or before June 13, 2013, the County shall serve an amended response to request 144.

The County admitted request 145, which asked it to authenticate the Gould memorandum, then proceeded to complain that the identified document "has overlapping and duplicate text, which was not present in the original memorandum."  Doc. No. 244 at 63.  The document is either authentic or it is not.  Therefore, the motion is **GRANTED** as to request 145.  It is **ORDERED** that, on or before June 30, 2013, the County shall serve an amended response to request 145.

In requests 154, 183, 194, 196, 214, 231 and 236, the Foleys asked the County to authenticate documents that they identified by exhibit number.  The County denied request 154 because the document with the specified date was not found at the specified exhibit number.  Doc. No. 244 at 66.  The County admitted requests 183, 194, 196, 214, 231 and 236 in part but denied that the documents were identified by an exhibit number.  *Id.* at 81, 84, 85, 90, 96, 99.  These disputes should have been resolved by the parties in the Rule 3.01(g) conference.  The paper copies of the documents filed with the Court, which the Foleys certified that they served on the County, contain exhibit numbers.  Further, as to request 154, the referenced exhibit clearly discloses the typographical error in the request as pointed out by the Foleys in their amendment to request 154.  *See* Doc. No. 244 at 66; Doc. No. 166 at 43 (A June 4, 2007 email begins on about

the middle of the page).[14]   Therefore, the motion is **GRANTED** as to request 154, as amended to correct the date to June 4, and requests 183, 194, 196, 214, 231 and 236.  It is **ORDERED** that, on or before June 13, 2013, the County shall serve an amended response to request 154, as amended, and to requests 183, 194, 196, 214, 231, and 236.

In requests 172 and 176, the Foleys asked the County to authenticate documents attached as exhibits to the Second Amended Complaint.  The County admitted the documents were attached but denied that they were marked with exhibit numbers.  The paper copy of the exhibits on file with the Clerk of Court, copies of which the Foleys certify that they served on the County, identify the exhibits by number.[15]   Therefore, the motion is **GRANTED** to the extent that the County shall review the paper copies of the exhibits and, on or before June 13, 2013, serve an amended response to requests 172 and 176 without qualification.

In request 219, the Foleys asked the County to admit the authenticity of a Letter of Rebuttal attached to the request as Exhibit 2.  The County responded, "<u>Admitted</u> that the Plaintiffs transmitted a letter of rebuttal.  <u>Denied</u> that the letter attached to the Second Amended complaint was signed." Doc. No. 244 at 92.  The response does not fairly meet the request in that it does not even refer to Exhibit 2 to the requests for admissions.  Therefore, the motion is **GRANTED** as to request 219.  It is **ORDERED** that, on or before June 13, 2013, the County shall serve an amended response to request 219.

---

[14]  The documents filed with the Clerk's office in paper form identified each exhibit number.

[15]  In its filings, the County has been able to identify the exhibit numbers of attachments to the Second Amended Complaint.  *See, e.g.,* Doc. No. 175 ¶ 1.

**Objections to Requests Seeking Admissions of Questions of Law.**

In requests 65, 67 and 68, the Foleys asked the County to admit the language of certain

Florida Statutes.  The County objected to these requests as beyond the scope of Rule 36 while,

curiously, denying other requests involving pure questions of law (*see, e.g.,* request 68).  Rule 36

does not provide for admissions as to pure questions of law, such as the language of a statute.

Therefore, the motion is **DENIED** as to requests 65, 67, and 68.

In request 268, the Foleys asked the County to admit that they could not challenge the

constitutionality of the BCC decision on certiorari review because the law does not permit such

challenges.  The County denied the response with qualifications, including that the request called

for admission of a pure question of law.  Doc. No. 244 at 114.  In its response to the motion,

however, the County argued that the request was inaccurate but did not explain why.  Doc. No.

253 ¶ 139.  It is, therefore, unclear how the County wishes to qualify its denial of this request.

Therefore, the motion is **GRANTED** as to request 268.  It is **ORDERED** that, on or before June

13, 2013, the County shall serve an amended response to request 268.

**Relevance Objections.**

Requests for admission are limited to information that is otherwise discoverable.

Therefore, objections that requests must be relevant are proper.

In request 127, 128, 129, 130, and 131, the Foleys asked the County to admit that, based

on the failure of the County to allege that they violated a policy or ordinance, the Foleys had no

recourse under the law to take various legal actions.  The County generally objected to these

requests as irrelevant, argumentative, speculative and seeking a pure conclusion of law.  The

objections are valid.  The requests are based, at least in part, on speculation of how the law would have been applied if the facts present here were different.  A party is not required to speculate about questions of mixed fact and law if the underlying fact has not been admitted.  Therefore, the motion is **DENIED** as to requests 127, 128, 129, 130, and 131.

In request 133, the Foleys asked the County to admit that "on or about April 22, 2007, the assistant of Commissioner Fernandez received a hand-delivered letter from the Foleys asking Commissioner Fernandez to help the Foleys with their request for a Zoning Manager's Determination . . . ."  The County objected to the request as irrelevant.  The Foleys present several arguments in response, but none of these arguments address how their delivery of a letter to Commissioner Fernandez is of consequence or would make any fact in dispute in this case more or less probable.  *See* Fed. R. Evid. 401.  Therefore, the motion is **DENIED** as to request 133.

In request 226, the Foleys asked the County to admit that BZA chairman Frank Detoma made quoted statements at a November 1, hearing.  The County objected to the request as irrelevant.  Because the quoted statement was allegedly made by an advisor to the County and pertains to the matters directly in dispute, the relevance objection is not well taken.  Therefore, the motion is **GRANTED.**  It is **ORDERED** that, on or before June 13, 2013, the County shall serve an amended response to request 226.

In request 227, the Foleys asked the County to admit that, during the November 1 hearing, neither Asima Azam nor Scott Richman attempted to correct or disagree with any statement made by Mr. Relvini, Gould, or Detoma.  The County objected to the request as irrelevant.  The Foleys

response to the objection does not explain why the requested information is relevant to an issue in this case.  Therefore, the motion is **DENIED** as to request 227.

In request 245, the Foleys asked the County to admit that on about January 8, 2008, Commissioner Fernandez asked for the Foleys' hearing to be rescheduled so that she could visit the Foleys' home.  The County objected to the request as irrelevant.  Doc. No. 244 at 101.  The Foleys' response to the objection does not establish that the request is relevant.  Therefore, the motion is **DENIED** as to request 245.

In request 248, the Foleys asked the County to admit that on about February 18, 2008, Commissioners Jacobs, Russell, and Segal met separately with David Foley to dismiss the Foleys' upcoming appeal of the BZA's recommendation to approve the Zoning Manager determination. In requests 249, 250, 251, 252 and 254, the Foleys asked the County to admit statements made to them by the Commissioners and Mr. Rocco Relvini on about February 18, 2008.   In request 257, the Foleys asked the County to admit that David Foley and Commissioner Jacobs had discussed a draft ordinance.  The County objected to these requests as irrelevant.  Doc. No. 244 at 103-05, 107.[16]  During a recent discovery hearing, the Court overruled the County's arguments that statements made by Commissioners to the Foleys about the matters in dispute were not relevant so long as the civil right claim remains viable.  Therefore, the motion is **GRANTED** as to requests 248, 249, 250, 251, 252, 254 and 257.  It is **ORDERED** that, on or before June 13, 2013, the County shall serve amended responses to these requests.

---

[16]  In an amended response, the County states that it was without knowledge as to request 251 regarding statements made by Mr. Relvini.  Doc. No. 253 at 23.  This amended response does not comply with the requirements of Rule 36(a)(4).

In request 255, the Foleys asked the County to admit that the Foleys "had their hearing" before the BCC on about February 19, 2008.  The County admitted the request with the explanation that a hearing was held on the specified date on the appeal of the zoning determination.  This response fairly meets the request.  Therefore, the motion is **DENIED** as to request 255.

In requests 262, 264, and 265, the Foleys asked the County to admit the positions taken by the Commissioners at the BCC hearing.  The County objected to the requests as irrelevant.  The positions of the County Commissioners may be relevant to the civil rights claim that remains pending as to the County.  Therefore, the motion is **GRANTED** as to requests 262, 264 and 265.  It is **ORDERED** that, on or before June 13, 2013, the County shall serve amended responses to these requests.

In request 263, the Foleys asked the County to admit that at the time of the BCC hearing Commissioner Jacobs was the President of FAC.  The County objected to the request as irrelevant.  Doc. No. 244 at 110.  At a hearing before the undersigned, the Court accepted the Foleys' argument that Commissioner Jacobs's role with the Florida Association of Counties ("FAC") may be relevant to their civil rights claim.  Therefore, the motion is **GRANTED** as to request 263.  It is **ORDERED** that, on or before June 13, 2013, the County shall serve an amended response to request 263.

In request 266, the Foleys asked the County to admit that, during the BCC hearing, Mayor Crotty left his seat to take a call on his cell phone.  The County objected to the request as irrelevant.  The Foleys have argued before the undersigned that Mayor Crotty's receipt of a call

-26-

during the hearing will support their civil rights claim.  Therefore, the motion is **DENIED** as to

request 266.  It is **ORDERED** that, on or before June 13, 2013, the County shall serve an

amended response to this request.

      **DONE** and **ORDERED** in Orlando, Florida on June 10, 2013.

*Karla R. Spaulding*
_____
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE
